## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT BIDDICK, Individually and on Behalf of All Others Similarly Situated, | Case No.: _____ |
| Plaintiff, | |
| v. | |
| LUMONDI, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Scott Biddick ("Plaintiff"), by his undersigned attorneys, brings this class action against Defendant Lumondi, Inc. ("Defendant" or "Lumondi"). Plaintiff's allegations are based upon his personal knowledge as to his own acts and upon information and belief as to all other matters. Plaintiff's information and belief is based upon, among other things, his experience and the investigation undertaken by his counsel. Plaintiff believes that additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## PRELIMINARY STATEMENT

1.      Lumondi, dba Luminox Watch Company, is the exclusive importer and distributer of Swiss-made Luminox watches in the United States.

2.      Advertised as "The Official Watch of the Navy SEALs," Lumondi markets Luminox watches to military service members, scuba divers, first responders, athletes and "rugged outdoorsmen" seeking "extreme performance" from their timepieces. According to Lumondi, Luminox is the "watch of choice for U.S. Navy SEALs, F-117 Nighthawk stealth jet pilots, other elite forces and professional divers."

1

3.    The key feature that sets Luminox watches apart from the competition is a technology that illuminates the dials with "a self-powered illumination system that utilizes tiny micro gas light tubes to create ultimate visibility in complete darkness, under any conditions." Lumondi's trademarked name for this feature is "ALWAYS VISIBLE[.]"[1]

4.    Despite marketing Luminox watches for their supposed toughness and visibility "under any conditions," Lumondi has been aware that Luminox watches contain a defect that causes their watch faces to fog when worn outdoors in either cold or hot temperatures (the "Fogging Defect").  As a result of the Fogging Defect, Luminox watches exposed to outdoor temperatures below approximately 40 degrees Fahrenheit or above approximately 90 degrees Fahrenheit remain cloudy until the watches return to room temperature.  Lumondi has acknowledged the Fogging Defect, but shockingly defends it as being "normal."  The fog that forms underneath the watch face is not only unsightly but can also render the watches substantially unreadable, totally contradicting their trademarked slogan "ALWAYS VISIBLE."

5.    Plaintiff brings this action on behalf of himself and other similarly-situated purchasers of Luminox watches who did not receive what they paid for: a properly-functioning watch offering the "extreme performance" and "ultimate visibility" Lumondi promised.

## PARTIES

6.    Defendant Lumondi – a Delaware corporation with its headquarters in New York, New York – is the exclusive importer and distributer of Luminox-brand watches in the United States.  It markets and sells Luminox watches through a website and a network of dealers.

7.    Plaintiff Scott Biddick is a citizen and resident of San Diego, California.

---

[1] *See* https://luminox.com/blogs/news/luminox-light-technology-always-visible?_pos=1&_sid=a48d7a271&_ss=r (last visited September 18, 2020).

## JURISDICTION AND VENUE

8.      The jurisdiction of this Court is founded upon 28 U.S.C. §1332(d) (the Class Action Fairness Act) in that this is a putative class action with more than 100 class members, more than $5 million in controversy, and the requisite diversity of citizenship.

9.      Venue is appropriate pursuant to 28 U.S.C. §1391 because a substantial portion of the events and conduct giving rise to the violations alleged in this Complaint occurred in this district.

10.     This Court has personal jurisdiction over Defendant because Defendant is headquartered in this district, Defendant has conducted, and continues to conduct, business in this district, and many of Defendant's acts complained of herein occurred in this district.

## FACTUAL ALLEGATIONS

11.     Luminox watch brand was founded in 1989 by Barry Cohen, who designed the watches to contain a self-powered illumination system in order to make the watches more visible and easier to read in low- or no-light situations.  "Lumi" is Latin for light and "Nox" is Latin for night.  Lumondi refers to the illumination technology as Luminox Light Technology ("LLT").

12.     According to Lumondi, in 1992, the officer in charge of procurement for United States Navy's Sea, Air, and Land Teams, commonly referred to as Navy SEALs, was tasked with finding a more dependable watch for night missions, and worked with Barry Cohen to develop a watch specifically for the famously rugged Navy SEALs, who are trained to operate in all environments (sea, air, and land) for which they are named.

13.     The Luminox 3001 Original Navy SEAL watch was launched in 1994.  To this day, Luminox's affiliation with the Navy SEALs remains a central pillar of Defendant's marketing

strategy.  Indeed, the Luminox brand contains three series of watches, "Sea," "Air," and "Land." Lumondi touts itself as the "official licensing partner" of the Navy SEALs.

14.     Lumondi describes Luminox as "durable," "tough, powerful and accurate," and specifically markets Luminox watches to military service members, scuba divers, first responders, athletes and "rugged outdoorsmen" seeking "extreme performance" and "ultimate visibility[.]"

15.     However, Luminox watches are actually poorly suited for "rugged outdoorsmen" or anyone who wants to see the time on their watch. Indeed, the watches contain a Fogging Defect that causes Luminox watch faces to fog when worn outdoors in air temperatures below approximately 40 degrees Fahrenheit or above approximately 90 degrees Fahrenheit.

16.     As a result of the Fogging Defect, Luminox watches worn outdoors in intemperate weather often remain foggy for the entire duration they remain outdoors, if not longer.  When the watches return indoors and warm or cool to room temperature, the fogging usually disappears.

17.     Luminox has known of the Fogging Defect for years but continues to market its watches to consumers seeking "ultimate visibility."  Indeed, the fogging problem is so widespread that Lumondi previously made the following statement buried in the "FAQ" link located in the bottom section of its website:

**Is it Normal for a Watch Crystal to fog up?**

Luminox watches are produced in a clean room with a controlled relative air humidity of 45% to avoid condensation. However, under certain circumstances condensation can build up on the inside of the watch due to natural humidity. This can happen if the watch is exposed to extremes of heat and cold in quick succession, e.g. Exposed to the hot sun and then worn while swimming or in a cold shower, or falling while skiing and exposing the crystal to ice cold snow. As long as the fog is NOT caused by a leak due to shock or damage to the watch, ***the fog will dissipate when the watch is in a normal climate again***.  If the [sic] does not disappear within 2 to 3 minutes in a normal temperature, send the watch to an authorized service center to address shock or damaged gaskets which can cause the loss of water resistance.[2]

---

[2] https://luminox-usa.com/pages/faq (last accessed July 11, 2019).

18.    Regardless of whether it is ever "normal" for a regular watch to fog up just because it is worn outdoors, it is certainly not "normal" for a watch developed for Navy SEALs and marketed to "rugged outdoorsmen" seeking "extreme performance" and "ultimate visibility" to do so.

19.    Notably, Lumondi's own marketing materials pictured below tout how "essential" it is to have a reliable, and clearly visible, watch in extreme environments: "In extreme situations, decisions are made in the blink of an eye. You have to be able to rely on a watch that guarantees perfect visibility at a single glance…. [I]t is critical and can even be the difference between life and death, that the time is visible in any and all conditions…."



20.    It is not normal for a watch to fog up in a cold shower, let alone a watch marketed as appropriate for winter scuba divers.

**Plaintiff Biddick's Experience**

21.    Plaintiff is an avid surfer, fisherman, diver, and sailor who enjoys watersports and spending time outdoors.  Plaintiff was looking for a watch to match his lifestyle – something rugged enough to be worn during watersports but professional enough to be worn during business meetings – when he saw news coverage of the "Baselworld" trade show[3] at which Lumondi debuted a new Luminox model.

22.    Plaintiff researched Luminox watches online, reviewed the various representations made by Lumondi on the Luminox website (touting that Luminox watches are tough, durable, and designed to handle rugged outdoor activities including water related activities while still providing visibility to easily view the time), and saw Defendant's advertisements in outdoors-related magazines touting Luminox as the being the official watch of Navy SEALS.  Based on Defendant's representations, Plaintiff reasonably concluded that a Luminox watch would be a good fit for his needs.

23.    Based upon Defendant's representations described above, Plaintiff purchased a "Navy SEAL" 3581 series Luminox watch on or about November 5, 2018 from Lumondi's authorized dealer, Bryant Park Jewelers located in New York, paying $384.95.  Plaintiff wore the Luminox watch during his outdoor activities, including while surfing and swimming.

24.    Plaintiff's watch experienced the Fogging Defect.  So, on May 6, 2019, Plaintiff sent Lumondi an email stating that the "watch is still in great condition except the interior of the watch fogs at times" and that Plaintiff "wanted to know what my options were as far as exchanging or sending in the watch for repair[s]…."

---

[3] According to its website, "Baselworld is the most important experience platform for the global watchmaking, jewelry, gemstone and related industries." https://www.baselworld.com/en/the-show/about (last visited Sept. 17, 2020).

25.     Lumondi responded by email on May 7, 2019, instructing Plaintiff to contact Lumondi's service center, Saltzman Watches, in Cranston, R.I.  Plaintiff responded in disbelief: "This watch is only 6 months old and it needs servicing?"  But Lumondi informed Plaintiff that "there may be an issue with the seal of your watch" so Plaintiff sent his watch to Saltzman Watches for a warranty repair.

26.     Saltzman Watches inspected and performed pressure tests on Plaintiff's watch but did not find anything wrong with it.  However, when the watch was returned to Plaintiff, the Fogging Defect persisted.

27.     On June 23, 2020, Plaintiff emailed Lumondi again asking for help with the Fogging Defect.  Plaintiff explained that he previously sent his watch to Saltzman's Jewelers and was told that nothing was wrong with it, but that his watch is again "fogging up and moisture is getting into it."  Plaintiff attached two photographs clearly showing fog on the face of his watch. Plaintiff explained that one photograph was taken "last week" (June 17, 2020) and the other was taken "today" (June 23, 2020), but "the moisture has still not left the watch."  Below are the photos showing the fogging.





28.    When Plaintiff did not receive a response from Lumondi, Plaintiff sent a follow up email on June 29, 2020: "My watch continued to fog up.  I believe it was broken from the beginning as I have had problems with this ever since.  I would like to replace the watch with one that works." Again, Plaintiff received no response from Lumondi.

## CLASS ALLEGATIONS

29.    Plaintiff brings this action on behalf of the following Class and Subclass:

**Nationwide Class** -- All persons in the United States who, during the longest period of time permitted by law, purchased a Luminox watch.

**California Subclass** -- All persons in California who, during the longest period of time permitted by law, purchased a Luminox watch.

30.    The Class and Subclass specifically exclude: (a) any persons or other entity currently related to or affiliated with Defendant; (b) any Judge presiding over this action and

members of his or her family; (c) all persons who properly execute and file a timely request for exclusion from the Class; and (d) Counsel for Plaintiff.

31.    Class-wide adjudication of Plaintiff's claims is appropriate because Plaintiff can prove the elements of his claims and the claims of the Class Members on a class-wide basis using the same evidence as would be used to prove those elements in individual actions asserting the same claims.

32.    The Class Members, which based upon information and belief number in the tens-of-thousands, are so numerous that joinder of individual claims is impracticable.  The Class Members can be readily identified through Defendant's records, dealer records, and a notice program.

33.    There are significant questions of fact and law common to the Class Members. These issues include but are not limited to:

    a.  Whether Luminox watches are defective;

    b.  Whether Defendant had an adequate basis for its representations regarding the "extreme performance" of Luminox watches;

    c.  Whether Defendant had an adequate basis for its representations regarding the "ultimate visibility" of Luminox watches;

    d.  Whether Defendant had an adequate basis for its representations regarding the tough, durable, and rugged design and performance of Luminox watches such that the watches are ideal for outdoor activities;

    e.  Whether Defendant concealed or omitted the Fogging Defect;

    f.  Whether Defendant's actions constitute a breach of warranty;

    g.  Whether Defendant's actions constitute a breach of implied warranty;

h. Whether Defendant's actions and omissions violated applicable federal and state laws;

i. Whether Defendant's action and omissions constitute fraud;

j. Whether, and to what extent, Plaintiff and Class Members have been damaged by Defendant's actions and omissions and the proper measure of damages; and

k. Whether injunctive relief is appropriate to prohibit Defendant from engaging in wrongful conduct in the future.

34. Plaintiff's claims are typical of the claims of the Class. Plaintiff and all Class Members have been adversely affected and damaged by Defendant's false representations, omissions, and failure to provide a product conforming to its representations.

35. Plaintiff, as the proposed class representative will fairly and adequately represent the Class because he has the Class Members' best interest in mind, his individual claims are co-extensive with those of the Class Members, and he is represented by qualified counsel experienced in class action litigation of this nature.

36. A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all Class Members is impracticable. Many Class Members are without the financial resources necessary to pursue this matter. Even if some Class Members could afford to litigate their claims separately, such a result would be unduly burdensome to the courts in which the individualized cases would proceed. Individual litigation increases the time and expense of resolving a common dispute concerning Defendant's actions and omissions toward an entire group of individuals. Class action procedures allow for the efficient management of this litigation and provide the unique benefits of unitary

adjudication, economies of scale, and comprehensive supervision over the entire controversy by a single judge in a single court.

37.     The Class may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief appropriate with respect to the claims raised by the Class.

38.     The Class may also be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to Class Members will predominate over questions affecting individual members, and a class action is superior to other methods for fairly and efficiently adjudicating the controversy and causes of action described in this Complaint.

### COUNT I
**VIOLATION OF NEW YORK GENERAL BUSINESS LAW**
**Deceptive Acts and Practices, N.Y. Gen. Bus. Law § 349 *et seq*.**
***(Brought on behalf of Nationwide Class)***

39.     Plaintiff and the Class incorporate the allegations set forth above as if fully set forth herein.

40.     Lumondi's business acts and practices alleged herein constitute deceptive acts or practices under the New York General Business Law, Deceptive Acts and Practices, N.Y. Gen. Bus. Law § 349 ("NYGBL").

41.     The practices of Lumondi, described throughout this Complaint, violate the NYGBL for, *inter alia*, the following reasons:

    a.     Lumondi engaged in deceptive, unfair, and unconscionable commercial practices in making false or misleading representations and/or failing to reveal material facts and information about the Luminox watches, which did, or tended to, mislead

Plaintiff and the members of the Class about facts that could not reasonably be known by the consumers;

b.  Lumondi made false or misleading representations and/or failed to adequately reveal facts that were material to the transactions in light of representations of fact made in a positive manner;

c.  Lumondi caused Plaintiff and the members of the Class to suffer a probability of confusion and a misunderstanding of legal rights, obligations, and/or remedies by and through its conduct and omissions;

d.  Lumondi made false or misleading representations and/or failed to reveal material facts to Plaintiff and the Class with the intent that Plaintiff and the Class Members rely upon the representations and omissions;

e.  Lumondi made material representations and statements of fact to Plaintiff and the Class Members that resulted in Plaintiff and the Class reasonably believing the represented or suggested state of affairs to be other than what they actually were; and

f.  Lumondi intended that Plaintiff and the other members of the Class rely on its misrepresentations and omissions, so that Plaintiffs and other Class Members would purchase the Luminox watches.

42.    Under all of these circumstances, Lumondi's conduct in employing these unfair and deceptive trade practices was malicious, willful, wanton, and outrageous such as to shock the conscience of the community and warrant the imposition of punitive damages.

43.     Lumondi's actions impact the public interest because Plaintiff and members of the Class were injured in exactly the same way as thousands of others purchasing the Luminox watches as a result of and pursuant to Lumondi's generalized course of deception.

44.     Had Plaintiff and other members of the Class known of the defective nature of the Luminox watches, they would not have purchased the watches, or would have paid substantially less for them.

45.     The foregoing acts, omissions and practices proximately caused Plaintiff and other members of the Class to suffer actual damages in the form of, *inter alia*, monies spent for a defective product, monies spent attempting to repair the Fogging Defect, and/or diminution in value of the Luminox watches, and are entitled to recover such damages, together with all other appropriate damages including punitive damages, attorneys' fees, and costs of suit.

<div align="center">

**COUNT II**
**VIOLATIONS OF MAGNASSON-MOSS ACT – EXPRESS WARRANTY**
**15 U.S.C. §§ 2301-2312**
***(Brought On Behalf Of Nationwide Class)***

</div>

46.     Plaintiff re-alleges and incorporates by reference all paragraphs as though fully set forth herein.

47.     The Luminox watches are "consumer products" as that term is defined by 15 U.S.C. § 2301(1).

48.     Plaintiff and Class Members are "consumers" as that term is defined by 15 U.S.C. § 2301(3).

49.     Lumondi is a "supplier" as that term is defined by 15 U.S.C. § 2301(4).

50.     Lumondi is a "warrantor" as that term is defined by 15 U.S.C. § 2301(5).

51.     Lumondi provided Plaintiff and Class Members with "written warranties" as that term is defined by 15 U.S.C. § 2301(6).

52.    Section 15 U.S.C. § 2310(d)(1) provides that a consumer who is damaged by the failure of the supplier, warrantor, or service contractor to comply with any obligation under this title, or a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief in any court of competent jurisdiction in any state.

53.    When Plaintiffs and the members of the Class purchased their Luminox watches, Lumondi expressly warranted under its limited warranty that "This Manufacturer's Warranty Covers … Material and manufacturing defects *existing at the time of purchase*." (emphasis added). Lumondi's warranty further provided that "If your watch proves to be defective, we will (at our option), either repair or replace it."

54.    Lumondi breached these express warranties (and continues to breach these express warranties) because it continues to market and sell Luminox watches it knows to be defective without first repairing them or replacing them with non-defective watches.  Lumondi further breached these express warranties because the Fogging Defect was present in the Luminox watches at the time of sale, Lumondi knew of the Fogging Defect, and Lumondi failed to adequately disclose the Fogging Defect prior to each sale.

55.    In its capacity as a supplier and/or warrantor, and by the conduct described herein, any attempt by Lumondi to limit its express warranties in a manner that would exclude or limit coverage for the Fogging Defect that were present as of the time of sale is unconscionable and any such effort to disclaim or otherwise limit liability or warranty coverage for the defects at issue is null and void.

56.    Plaintiff has satisfied all necessary jurisdictional prerequisites.

57.    Accordingly, Plaintiff and the Class Members suffered damages caused by Lumondi's breach of the applicable express warranties and are entitled to recover damages,

including but not limited to diminution of value, equitable relief, and attorneys' fees and costs pursuant to 15 U.S.C. § 2310.

## COUNT III
**BREACH OF EXPRESS WARRANTY**
*(Brought on Behalf of Nationwide Class)*

58.     Plaintiff and the Class Members incorporate the allegations set forth above as if fully set forth herein.

59.     As an express warrantor and manufacturer and merchant, Lumondi had certain obligations to conform the Luminox watches to the express warranties.

60.     When the Plaintiff and the Class Members purchased their Luminox watches, Lumondi expressly warranted under its limited warranty that "This Manufacturer's Warranty Covers … Material and manufacturing defects *existing at the time of purchase*." (emphasis added). Lumondi's warranty further provided that "If your watch proves to be defective, we will (at our option), either repair or replace it."

61.     The Fogging Defect at issue in this litigation was present at the time of sale to the Plaintiff and the Class Members.

62.     Pursuant to the express warranties, Lumondi was obligated to repair the defects or replace the defective watches with non-defective watches.

63.     Lumondi breached these express warranties (and continues to breach these express warranties) because it failed (and continues to fail) to repair the defect when presented with the opportunity to do so and because it  marketed and sold (and continues to market and sell) Luminox watches it knows to be defective without first repairing them or replacing them with non-defective watches.

64.     Lumondi and its agent dealers have failed and refused to conform the Luminox watches to the express warranties and Lumondi's conduct, as discussed throughout this Complaint, has voided any attempt on its part to disclaim liability for its actions.

65.     Plaintiff and the Class Members have performed each and every duty required under the terms of the warranties, except as may have been excused or prevented by the conduct of Lumondi or by operation of law in light of Lumondi's unconscionable conduct described throughout this Complaint.

66.     Lumondi received timely notice regarding the problems at issue in this litigation (indeed, Lumondi knew of the defects prior to offering the Luminox watches for sale) and, notwithstanding such notice, Lumondi has failed and refused to offer an effective remedy.

67.     In addition, Lumondi has received, on information and belief, hundreds of complaints and other notices from consumers advising it of the defects at issue in this litigation.

68.     In its capacity as a supplier and/or warrantor, and by the conduct described herein, any attempt by Lumondi to limit its express warranties in a manner that would exclude or limit coverage for the Fogging Defect present as of the time of sale, which Lumondi knew about prior to offering the Luminox watches for sale, which Lumondi concealed and did not adequately disclose, and which Lumondi did not remedy prior to sale (or afterward), is unconscionable and any such effort to disclaim or otherwise limit liability for the defects at issue is null and void.

69.     Accordingly, Plaintiff and the Class Members suffered damages caused by Lumondi's breach of the express warranties and are entitled to recover damages, including, but not limited to diminution of value.

**COUNT IV**
**VIOLATIONS OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT**
**(CAL. CIV. CODE § 1750, *ET SEQ*.)**
***(On Behalf of California Subclass)***

16

70.     Plaintiff re-alleges and incorporates by reference all paragraphs as though fully set forth herein.

71.     California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*, proscribes "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer."

72.     Luminox watches are "goods" as defined in Cal. Civ. Code § 1761(a).

73.     Plaintiff and the other California Subclass Members are "consumers" as defined in Cal. Civ. Code § 1761(d), and Plaintiff, the other California Subclass Members, and Lumondi are "persons" as defined in Cal. Civ. Code § 1761(c).

74.     As alleged herein, Lumondi made misleading representations and omissions concerning the benefits and performance of the Luminox watches.

75.     In purchasing the Luminox Watches, Plaintiff and other California Subclass Members were deceived by Lumondi's misrepresentations about the characteristics and quality of the Luminox Watches and Lumondi's failure to disclose its knowledge of the Fogging Defect.

76.     Lumondi's conduct and omissions as described herein was and is in violation of the CLRA. Lumondi's conduct and omissions violate at least the following enumerated CLRA provisions:

> i.   Cal. Civ. Code § 1770(a)(5): Representing that goods have sponsorship, approval, characteristics, uses, benefits, or quantities that they do not have.
>
> ii.  Cal Civ. Code § 1770(a)(7): Representing that goods are of a particular standard, quality, or grade if they are of another.

17

iii.  Cal. Civ. Code § 1770 (a)(9): Advertising goods with intent not to sell them as advertised.

iv.  Cal Civ. Code § 1770 (a)(16): Representing that goods have been supplied in accordance with a previous representation when they have not.

77.    Lumondi intentionally and knowingly misrepresented and omitted material facts regarding the watches, specifically regarding their suitability for being worn outdoors, with an intent to mislead Plaintiff and California Subclass Members.

78.    In purchasing the watches, Plaintiff and the California Subclass Members were deceived by Lumondi's failure to disclose its knowledge of the Fogging Defect.

79.    Plaintiff and other California Subclass Members had no way of knowing Lumondi's representations were false, misleading, and incomplete or knowing the true nature of the watches.

80.    As alleged herein, Lumondi engaged in a pattern of deception and public silence in the face of a known defect. Plaintiff and the California Subclass Members did not, and could not, unravel Lumondi's deception on their own.

81.    Lumondi knew or should have known its conduct violated the CLRA.

82.    Lumondi owed Plaintiff and California Subclass Members a duty to disclose the truth about the Fogging Defect because Lumondi:

a.  Possessed exclusive knowledge of the defect,

b.  Intentionally concealed the foregoing from Plaintiffs and California Class Members; and/or

c.  Made incomplete representations in advertisements and on its website, failing to warn the public or to publicly admit that the watches contain the Fogging Defect.

83.     Lumondi had a duty to disclose that the watch was fundamentally flawed as described herein, because Plaintiffs and California Subclass Members relied on Lumondi's material misrepresentations and omissions regarding the features of the watches.

84.     Lumondi's conduct proximately caused injuries to Plaintiff and California Subclass Members who purchased watches and suffered harm as alleged herein.

85.     Plaintiff and California Subclass Members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Lumondi's conduct in that Plaintiff and California Subclass Members incurred costs, including overpaying for their watches that have suffered a diminution in value.

86.     Lumondi's violations cause continuing injuries to Plaintiff and California Subclass Members.

87.     Lumondi's unlawful acts and practices complained of herein affect the public interest.

88.     Lumondi knew of the defective design and/or manufacture of the watches, and that the watches were materially compromised by the Fogging Defect.

89.     The facts concealed and omitted by Lumondi from Plaintiff and California Subclass Members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase a watch or pay a lower price. Had Plaintiff and California Subclass Members known about the defective nature of the watches, they would not have purchased the watches or would not have paid the prices they paid.

90.     Plaintiff's and California Subclass Members' injuries were proximately caused by Lumondi's unlawful and deceptive business practices.

91.    Pursuant to CLRA § 1780(a), Plaintiff seeks an order enjoining Lumondi from engaging in the methods, acts, or practices alleged herein, including further concealment of the Fogging Defect.

92.    Plaintiffs issued a pre-suit notice letter to Defendant on August 7, 2020 alerting Defendant as to the conduct alleged herein.  A true and accurate copy of this letter is attached as Exhibit A.  The letter was delivered to Defendant on August 11, 2020.

93.    Accordingly, Plaintiff seeks the following relief under the CLRA for himself and California Subclass Members:

    a.    Actual damages;

    b.    Restitution of money to Plaintiff and California Subclass Members, and the general public;

    c.    Punitive damages;

    d.    An additional award of up to $5,000 to any California Subclass Member who is a "senior citizen";

    e.    Attorneys' fees and costs; and

    f.    Other relief that this Court deems proper.

## COUNT V
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
### (CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*)
### *(On Behalf of California Subclass)*

94.    Plaintiff re-alleges and incorporates by reference all paragraphs as though fully set forth herein.

95.    California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising."

20

96.    Lumondi's conduct, as described herein, was and is in violation of the UCL. Lumondi's conduct violates the UCL in at least the following ways:

a.  By failing to disclose the Fogging Defect;

b.  By selling watches that suffer from the Fogging Defect;

c.  By knowingly and intentionally concealing from Plaintiff and California Subclass Members that the watches were defective;

d.  By marketing the watches as "durable" and designed for "rugged outdoorsmen" seeking "extreme performance" and "ultimate visibility" all while knowing of the Fogging Defect; and

e.  By violating other California laws, including California consumer protection laws.

97.    Lumondi intentionally and knowingly misrepresented and omitted material facts regarding the watches with intent to mislead Plaintiff and California Subclass Members.

98.    In purchasing the watches, Plaintiff and California Subclass Members were deceived by Lumondi's failure to disclose the Fogging Defect.

99.    Plaintiff and California Subclass Members reasonably relied upon Lumondi's false misrepresentations and omissions. They had no way of knowing that Lumondi's representations were false, misleading, and incomplete. As alleged herein, Lumondi engaged in a pattern of deception and public silence in the face of a known defect. Plaintiff and California Subclass Members did not, and could not, unravel Lumondi's deception on their own.

100.   Lumondi knew or should have known that its conduct violated the UCL.

101.   Lumondi owed Plaintiff and California Subclass Members a duty to disclose the truth about its watches because Lumondi:

a.  Possessed exclusive knowledge of the Fogging Defect;

    b.  Intentionally concealed the foregoing from Plaintiff and California Subclass Members; and/or

    c.  Made incomplete representations, failing to warn the public or admit that the watches are defective.

102.  Lumondi had a duty to disclose that the Fogging Defect as described herein, because Plaintiff and California Subclass Members relied on Lumondi's material misrepresentations and omissions.

103.  Lumondi's conduct proximately caused injuries to Plaintiff and California Subclass Members that purchased the watches and suffered harm as alleged herein.

104.  Plaintiff and California Subclass Members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Lumondi's conduct in that they incurred costs, including overpaying for their watches that have suffered a diminution in value.

105.  Lumondi's violations cause continuing injuries to Plaintiff and California Subclass Members.

106.  Lumondi's unlawful acts and practices complained of herein affect the public interest.

107.  Lumondi's misrepresentations and omissions alleged herein caused Plaintiff and California Subclass Members to purchase the watches. Absent those misrepresentations and omissions, Plaintiff and California Subclass Members would not have purchased these watches, would not have purchased these watches at the prices they paid, and/or would have purchased less expensive alternative watches that did not contain the Fogging Defect.

108.  Accordingly, Plaintiff and California Subclass Members have suffered injury-in-fact, including lost money or property, as a result of Lumondi's misrepresentations and omissions.

109.    Plaintiff requests that this Court enter such orders or judgments as may be necessary to restore to Plaintiff and California Subclass Members any money it acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in Cal. Bus. & Prof. Code § 17203 and Cal. Civ. Code § 3345; and for such other relief as may be appropriate.

## COUNT VI
## BREACH OF IMPLIED WARRANTY OF MERCHNTABILITY
### *(Brought on Behalf of the California Subclass)*

110.    Plaintiff and the California Subclass Members incorporate the allegations set forth above as if fully set forth herein.

111.    Lumondi is a merchant in the sale of the Luminox watches to Plaintiff and the Class Members.

112.    By operation of law, Lumondi provided Plaintiff and the California Subclass Members an implied warranty that the Luminox watches are merchantable and fit for the ordinary purposes for which they were sold, including reasonably notifying the person wearing the watch of the time of day regardless of whether the person is indoor or outdoor, in water, or engaging in outdoor athletic activities.

113.    By the conduct described herein, Lumondi has failed and refused to conform the Luminox watches to these implied warranties and its conduct has voided any attempt on its part to disclaim liability for its actions.

114.    The Luminox watches were defective at the time they left the possession of Lumondi.

115.    The Luminox watches were not of merchantable quality as required by law.

116.    By virtue of the conduct described herein, Lumondi breached the implied warranty of merchantability.

117.    Plaintiff and the California Subclass Members have been damaged as a result of Lumondi's breach of the implied warranty in that they overpaid for their Luminox watch.

118.    Plaintiff and the California Subclass Members have performed each and every duty required of them under the terms of the warranties, except as may have been excused or prevented by the conduct of Lumondi or by operation of law in light of Lumondi's unconscionable conduct.

119.    Lumondi received timely notice regarding the Fogging Defect and, notwithstanding such notice, Lumondi has failed and refused to offer the Plaintiff and the California Subclass Members an effective remedy.

120.    In addition, Lumondi has received, on information and belief, hundreds of complaints and other notices from consumers advising them of the Fogging Defect associated with the Luminox watches.

121.    Plaintiff and the California Subclass Members have had sufficient dealings with Lumondi or its agents (dealerships) to establish privity of contract.  Notwithstanding this, privity is not required in this case because the Plaintiff and the California Subclass Members are intended third-party beneficiaries of contracts between Lumondi and its dealers; specifically, they are intended beneficiaries of Lumondi's warranties.  The dealers were not intended to be the ultimate consumers of the Luminox watches and have no rights under the warranty agreements provided with the Luminox watches. The warranty agreements were designed for and intended to benefit the ultimate consumers only.

122.    As a direct and proximate result of Lumondi's breach of warranties, the Plaintiff and the California Subclass suffered economic damage, including loss attributable to the diminished value of their Luminox watches, as well as the monies spent and to be spent attempting to repair and/or replace their Luminox watches.

## COUNT VII
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### *(Brought on Behalf of the California Subclass)*

123.    Plaintiff and the California Subclass Members incorporate the allegations set forth above as if fully set forth herein.

124.    Lumondi is a merchant in the sale of the Luminox watches to Plaintiff and the California Subclass Members.

125.    By operation of law, Lumondi provided Plaintiff and the California Subclass Members an implied warranty that the Luminox watches are fit for the particular purposes for which they were sold (i.e., "durable" watches designed to be worn during athletic activities by "rugged outdoorsmen" seeking "extreme performance" and "ultimate visibility" when  outdoors or in water).

126.    By the conduct described herein, Lumondi has failed and refused to conform the Luminox watches to these implied warranties and its conduct has voided any attempt on its part to disclaim liability for its actions.

127.    The Luminox watches were defective at the time they left the possession of Lumondi.

128.    The Luminox watches were not of fit for the particular purpose for which they were marketed.

129.    By virtue of the conduct described herein, Lumondi breached the implied warranty of fitness for a particular purpose.

130.    Plaintiff and the California Subclass Members have been damaged as a result of Lumondi's breach of the implied warranty in that they overpaid for their Luminox watch.

131.    Plaintiff and the California Subclass Members have performed each and every duty required of them under the terms of the warranties, except as may have been excused or prevented by the conduct of Lumondi or by operation of law in light of Lumondi's unconscionable conduct.

132.    Lumondi received timely notice regarding the Fogging Defect and, notwithstanding such notice, Lumondi has failed and refused to offer the Plaintiff and the California Subclass Members an effective remedy.

133.    In addition, Lumondi has received, on information and belief, hundreds of complaints and other notices from consumers advising them of the Fogging Defect associated with the Luminox watches.

134.    Plaintiff and the California Subclass Members have had sufficient dealings with Lumondi or its agents (dealerships) to establish privity of contract.  Notwithstanding this, privity is not required in this case because the Plaintiff and the California Subclass Members are intended third-party beneficiaries of contracts between Lumondi and its dealers; specifically, they are intended beneficiaries of Lumondi's warranties.  The dealers were not intended to be the ultimate consumers of the Luminox watches and have no rights under the warranty agreements provided with the Luminox watches. The warranty agreements were designed for and intended to benefit the ultimate consumers only.

135.    As a direct and proximate result of Lumondi's breach of warranties, the Plaintiff and the California Subclass suffered economic damage, including loss attributable to the diminished value of their Luminox watches, as well as the monies spent and to be spent attempting to repair and/or replace their Luminox watches.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, for himself, Class Members, and California Subclass Members respectfully requests that (i) this action be certified as a class action, (ii) Plaintiff be designated the Class Representative, and (iii) Plaintiff's counsel be appointed as Class Counsel. Plaintiff, for himself, Class Members, and California Subclass Members further request that upon final trial or hearing, judgment be awarded against Defendant, in their favor for:

(i) compensatory and punitive damages in an amount to be determined by the trier of fact;

(ii) declaratory and injunctive relief;

(iii) attorneys' fees, litigation expenses, and costs of suit incurred through the trial and any appeals of this case;

(iv) pre- and post-judgment interest on any amounts awarded; and

(v) such other and further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of Class Members and California Subclass Members, respectfully demands a trial by jury on all claims and causes of action so triable.

<div style="margin-left: 50%;">

*/s/ Todd S. Garber* _____
Todd S. Garber
Bradley F. Silverman
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
One North Broadway, Suite 900
White Plains, New York 10601
Telephone: 914-298-3281
Fax: 914-908-6709
tgarber@fbfglaw.com
bsilverman@fbfglaw.com

Jeffrey S. Goldenberg*
GOLDENBERG SCHNEIDER, LPA
4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45249

</div>

Telephone: 513-345-8291
Fax: 513-345-8294
jgoldenberg@gs-legal.com

Sean K. Collins*
LAW OFFICES OF SEAN K. COLLINS
184 High Street, Suite 503
Boston, Massachusetts 02110
Telephone: 617-320-8485
Fax: 617-227-2843
sean@neinsurancelaw.com

Ex Kano S. Sams II*
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: 310-201-9150
Fax: 310-201-9160
esams@glancylaw.com

*Attorneys for the Plaintiff*

* indicates pro hac vice application to be filed