UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
SCOTT BIDDICK, individually and on behalf  :
of all others similarly situated,  :
:
                           Plaintiff,  :        20-CV-8091 (VSB)
:
      - against -  :        **FINAL APPROVAL ORDER AND**
:        **JUDGMENT**
:
LUMONDI, INC.,  :
:
                          Defendant.  :
:
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      On June 22, 2022, I held a Final Approval Hearing in this case. Notice of the Final Approval Hearing having been duly given in accordance with this Court's Order, (Doc. 44 ("Preliminary Certification Order")), and having considered all matters submitted at the Final Approval Hearing and otherwise, and finding no just reason for delay in order of this dismissal and good cause appearing therefore,

      It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

      1.      The Class Action Settlement Agreement and Release filed with the Court on November 22, 2021, (Doc. 42-1), including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein, are incorporated by reference in this Final Approval Order and Judgment ("Final Judgment").

      2.      This Court has jurisdiction over the Action, Plaintiff, Defendant Lumondi, Inc. ("Defendant" or "Lumondi"), and all members of the following Settlement Class certified for settlement purposes:

> All consumers nationwide who purchased (or received as a gift) one or more Luminox Watch Series 3000/3900, 3050/3950, 3120, 3150, 3160, 3180, 3190, 3250, 3500, 3510, 3580, 3590, 3600, 3610, 3800, 3810, 7050, 7060, 7200, 7250 that contained an original Lumondi Warranty Card (the "Original Warranty") at the time of purchase on or after June 1, 2018 through the date of preliminary approval by the Court (November 30, 2021).

3. Excluded from the Settlement Class are: Defendant and its officers, directors, and employees; Class Counsel and their partners, associates, lawyers, and employees; the judicial officers and their immediate family members and associated Court staff assigned to this case; and Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

4. The Court finally certifies the Settlement Class for settlement purposes and finds that the Settlement Class satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff and Class Counsel have fairly and adequately represented the interests of the Settlement Class for purposes of entering into and implementing the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action settlement is superior to the other available methods for the fair and efficient adjudication of the controversy.

5. The Court hereby finds that the Settlement Agreement is the product of arm's-length settlement negotiations between Plaintiff Scott Biddick and Class Counsel and Defendant and Defendant's counsel, and was negotiated with the assistance of an experienced mediator, Honorable Judge James Holderman (Ret.) of JAMS. There is no evidence of collusion in

reaching this Settlement Agreement.

      6.      The Court hereby finds and concludes that Settlement Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and in compliance with this Court's Preliminary Certification Order. The Court notes that no objection was submitted concerning the Notice Plan.

      7.      The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Final Judgment.

      8.      This Court hereby finds and concludes that the notice provided to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

      9.      No Settlement Class Members submitted timely and proper requests for exclusion. There was one objection which the Court overrules.

      10.      The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, adequate, and reasonable settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure and *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) and directs the Parties to fully implement the Settlement pursuant to its terms and conditions. Each Settlement Class Member is hereby bound by the Settlement Agreement.

      11.      The Court hereby finds that the Settlement Class Members have been adequately represented by the Class Representative and Settlement Class Counsel, that the Settlement was

negotiated at arm's length, that the relief provided is adequate considering the costs, risks, and delay of trial and appeal, that the distribution of relief and method of processing claims is adequate and fair, that the terms and timing of payment associated with Settlement Class Counsel's request for attorneys' fees is adequate and fair, and that all other relevant factors, including that the Settlement Agreement treats Settlement Class Members equitably relative to each other, demonstrate that this Settlement should be finally approved by the Court as fair, adequate, and reasonable.

12. This Court hereby dismisses the Action with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

13. Plaintiff and the Settlement Class Members fully and finally release and forever discharge the Released Parties from the Released Claims.

14. All Settlement Class Members are bound by all of the terms in the Settlement Agreement, including the terms of this Final Judgment and the Release provided for in the Settlement Agreement, and therefore are barred from bringing or participating in any action in any forum against the Released Parties concerning the Released Claims.

15. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability or wrongdoing, by Defendant, or of the truth of any of the claims asserted by Plaintiff in the Action, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Settlement, the Preliminary Certification Order,

and/or this Final Judgment.

16.     If for any reason the Settlement Agreement terminates, then certification of the Settlement Class shall be deemed vacated.  In such an event, the certification of the Settlement Class for settlement purposes or any briefing or materials submitted seeking certification of the Settlement Class shall not be considered in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court.

17.     The Court grants Class Counsel's application for fees and costs, and awards $189,070.78 in attorneys' fees and $13,429.22 in litigation costs and expenses. The Court finds these amounts appropriate, fair, and reasonable. The Court awards the Class Representative $5,000 as a service award and finds this amount fair and reasonable.

18.     Finding that there is no just reason for delay, the Clerk of the Court is respectfully directed to enter this Order on the docket and enter final judgment pursuant to Rule 54(b) forthwith.

19.     The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement.

SO ORDERED.

Dated:      June 23, 2022
            New York, New York

                                    _____
                                    Vernon S. Broderick
                                    United States District Judge